IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


LISA D. GOOCH                                                                          PLAINTIFF


        v.                               CIVIL NO. 06-2207


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                         DEFENDANT

### MEMORANDUM OPINION

Plaintiff Lisa D. Gooch brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration denying her

applications for a period of disability and disability insurance benefits (DIB) and supplemental

security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security

Act (Act).  Plaintiff's appeal brief, dated April 4, 2007, is being construed as a motion that her

case be remanded to the Commissioner for consideration of new and material medical evidence.[2]

(Doc. # 11).  Defendant filed a brief on May 4, 2007.[3]  (Doc. # 12).  The case is before the

undersigned pursuant to the consent of the parties.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] Plaintiff's counsel indicates that the additional medical evidence submitted to the court was also submitted to the Appeals Council. (Doc. # 11, p.8).  However, a review of the Appeals Council's October 27, 2006, letter and plaintiff's letter dated September 1, 2006, do not clearly indicate that the actual medical evidence was submitted and reviewed by the Appeals Council prior to the decision not to review the ALJ's decision. (Tr. 4-7, 237). Accordingly, and as stated above, we will treat plaintiff's brief as a motion to consider new and material evidence.

[3] Defendant does not address the new medical evidence submitted to this court by plaintiff.

Plaintiff filed her applications for DIB and SSI on February 3, 2003, alleging an inability to work since January 21, 2002, due to chronic back pain. (Tr. 66, 229).  The ALJ, in a written decision dated November 23, 2004, concluded that plaintiff's claim failed at step two of the sequential evaluation established by regulation by the Commissioner, as she suffered no severe impairment. (Tr. 26).

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of treatment notes by Dr. Corburn S. Howell, Jr., a MRI of the lumbar spine and EMG studies. (Doc. # 11, Part 2).  Plaintiff saw Dr. Howell on January 5, 2005, and reported maintaining her usual state of health until two years prior to the examination when she had an on-the-job-injury resulting in a back injury.  After evaluating plaintiff, Dr. Howell recommend plaintiff undergo EMG and MRI studies to help determine the cause of her back pain. In a letter dated January 7, 2005, Dr. Howell opined plaintiff had some low back disease. The EMG studies revealed no evidence of myopathy, neuropathy, denervation, or entrapment. The MRI revealed small bulges at the T11-T12 and L2-3 levels with no significant canal stenosis or foraminal narrowing or disc protrusion.  On January 19, 2005, Dr. Howell noted plaintiff came in complaining of back pain and an inability to stand up after bending over to get a piece of candy for her grandson. At that time, Dr. Howell diagnosed plaintiff with low back pain, prescribed physical therapy for three weeks and instructed plaintiff to take Flexeril twice a day. Dr. Howell further noted that he wanted the physical therapist to evaluate plaintiff and to send the orders to him to sign. He wanted to see plaintiff for a follow-up appointment in six weeks.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there

is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on November 23, 2004, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

In determining plaintiff did not have a severe impairment the ALJ also failed to address the October 1, 2004, MRI revealing L2-3 and L3-4 disc degeneration with accompanying multilevel posterior facet synovitis. (Tr. 227). On remand we strongly recommend that the ALJ obtain both physical and mental RFC assessments from plaintiff's treating and examining

3

physicians.  If further development of the record on the issue of plaintiff's RFC is necessary, the

ALJ may also order a consultative exam, in which, the consultative examiner should be asked

to review the medical evidence of record, perform examinations and appropriate testing needed

to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's

abilities to perform work related activities.  *See* 20 C.F.R. §§ 404.1517, 416.917.

Based on the foregoing, we remand this case to the Commissioner for consideration of

additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED  this 25th day of October 2007.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)